IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MICHAEL J. MCGOVERN,

                Plaintiff,


v.                  //    CIVIL ACTION NO. 5:14CV6
                                 (Judge Keeley)


PPG INDUSTRIES, INC.,

                Defendants.


MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 7],
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 2],
AND DISMISSING THE CASE WITHOUT PREJUDICE

      Pending before the Court are the motion to remand (dkt. no. 7) filed by the plaintiff, Michael J. McGovern ("McGovern"), and the motion to dismiss (dkt. no. 2) filed by the defendant, PPG Industries, Inc. ("PPG"). For the following reasons, the Court **DENIES** McGovern's motion to remand, **GRANTS** PPG's motion to dismiss, and **DISMISSES** this case **WITHOUT PREJUDICE**.

## I. BACKGROUND

      PPG is a Pennsylvania chemicals manufacturer that operates a facility known as the "Natrium Plant" in Marshall County, West Virginia. McGovern works on the "third line repackaging line" at the Natrium Plant, where he is responsible for affixing lids to twenty-five gallon buckets of chemicals. McGovern alleges that PPG "failed to provide [him] with appropriate training on how to safely

and properly operate," "failed to develop and implement proper procedures for safe operation," "failed to evaluate the repackaging line to determine if the repackaging line was safe," "failed to classify the repackaging line as unsafe," and "failed to implement protocols to make the repackaging line safe." (Dkt. No. 1-1 at 9).

McGovern further alleges that, on December 23, 2011, he was performing his work, when, "as a result of the unsafe procedure for operating the repackaging line [he] became injured on his right side." Id. at 10. He claims that, as a direct and proximate result of the "actions, omissions and conduct of [PPG]," he suffered physical injury, lost wages and benefits, and other special damages. Id. at 11-12. McGovern asserts one count against PPG under West Virginia's "deliberate intention" statute, W. Va. Code § 23-4-29(d)(2)(ii).

Although McGovern filed his claim in the Circuit Court of Marshall County, West Virginia, PPG removed it on January 16, 2014. In its notice of removal, PPG alleges that this Court possesses diversity jurisdiction over the case, pursuant to 28 U.S.C. § 1332(a). With regard to the amount in controversy, it asserts, "upon information and belief, [McGovern] seeks in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages,

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

exclusive of interest and costs." (Dkt. No. 1 at 2). Moreover, PPG suggests that, "[b]ased on the nature of [McGovern's] claims and his requests for relief, it is more likely than not that the amount in controversy exceeds the jurisdictional amount." Id. at 3.

On January 16, 2014, PPG filed a motion to dismiss McGovern's complaint for failure to state a claim upon which relief can be granted. Specifically, it argues that McGovern "does not identify his injury or injuries, nor does he provide any facts regarding [PPG's] allegedly unsafe working condition." (Dkt. No. 2-1 at 2). Although McGovern never responded to PPG's motion to dismiss, on February 14, 2014, he filed a motion to remand the case to the Marshall County Circuit Court, arguing that PPG failed to demonstrate that the amount in controversy requirement is satisfied.

The parties have had the opportunity of full briefing, and the motions are ripe for review. As it must, the Court turns first to McGovern's motion to remand.

## II. MOTION TO REMAND

As the removing party, PPG bears the burden of demonstrating that diversity jurisdiction is proper. In re Blackwater Sec.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

---

Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006).  This requires a showing of complete diversity between the parties and an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332(a); see also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) (explaining that, on removal, a defendant's burden of alleging diversity jurisdiction "is no greater than is required to establish federal jurisdiction as alleged in a complaint").  The parties do not dispute complete diversity.[1]  On the other hand, McGovern argues that PPG has failed to demonstrate adequately that the $75,000 threshold amount has been met.

To be sure, PPG's notice of removal is not devoid of amount in controversy allegations.  Indeed, PPG alleges that, based upon "information and belief," it has a "good-faith basis" to believe the amount in controversy exceeds $75,000.  The question thus is whether these allegations, together with the other pleadings, support a finding of subject matter jurisdiction.  See Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D.W. Va. 1994) ("[T]he court may look to the entire record before it and make an

---

[1] McGovern is a West Virginia citizen and PPG is a Pennsylvania corporation with its principal place of business in Pennsylvania.

independent evaluation as to whether or not the jurisdictional amount is in issue.").

McGovern's argument that PPG's amount in controversy allegations are inadequate is unavailing. In Ellenburg, the defendants pled the following in their notice of removal:

> The value of the matter in dispute in this case, upon information and belief, exceeds the sum of Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, as it appears from the allegations contained in Plaintiff's Complaint. Defendants' counsel believes in good faith that the amount in controversy in this case meets and exceeds the $75,000 limit required for diversity jurisdiction.[2]

519 F.3d at 195. The district court, sua sponte, remanded the case based on the notice of removal's "inadequate" amount in controversy allegations, and the defendants appealed. The Fourth Circuit held that "the Notice of Removal's allegations in this case were sufficient as a matter of law to allege subject matter jurisdiction." Id. at 199.

PPG's notice of removal contains allegations substantially similar to, if not more specific than, those in Ellenburg:

---

[2] Unlike McGovern, the plaintiff in Ellenburg sought punitive damages. 519 F.3d at 195. However, the Fourth Circuit never mentioned or relied on that fact in reversing the district court's decision to remand the case.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

---

> PPG Industries submits, upon information and belief, that
> Plaintiff seeks in excess of Seventy-Five Thousand
> Dollars ($75,000) in compensatory damages, exclusive of
> interest and costs, as the amount in controversy is the
> value of the underlying claim.
>
> . . .
>
> Although the Complaint does not request a sum certain,
> Defendant has a good-faith basis to believe that the
> matter in controversy, exclusive of interest and costs,
> exceeds the sum or value of $75,000. In his Complaint,
> Plaintiff seeks recovery for injuries based on
> allegations of deliberate intent, pursuant to W. Va. Code
> § 23-4-2(d)(2)(ii), suffered by him while performing work
> at PPG Industries' New Martinsville facility. . . .
> Moreover, Plaintiff alleges, inter alia, that he: (1) has
> suffered serious bodily injury, (2) was caused to miss
> work resulting in lost wages and benefits, and (3) has
> sustained other special damages. . . . Based on the
> nature of Plaintiff's claims and his requests for relief,
> it is more likely than not that the amount in controversy
> exceeds the jurisdictional amount set forth in 28 U.S.C.
> § 1332(a).

(Dkt. No. 1 at 2-3). In light of this similarity, the Court cannot

reach a conclusion contrary to the Fourth Circuit's holding in

Ellenburg. Therefore, the Court finds that PPG's allegations

demonstrate by a preponderance of the evidence that the amount in

controversy exceeds $75,000. See Streight v. State Farm Mut. Auto.

Ins. Co., No. 5:09CV106, 2009 WL 4066455, *1 (N.D.W. Va., Nov. 20,

2009) ("This Court has consistently applied the 'preponderance of

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

the evidence' standard to determine whether a defendant has met its burden of proving the amount in controversy.").

Nevertheless, McGovern also asserts that a discovery response estops PPG from claiming that the amount in controversy exceeds $75,000. Specifically, in Request for Admission #7, McGovern asked PPG to admit that "McGovern's injuries sustained as a result of this unsafe condition created by the implementation of the new drum/lid combination on the 3rd Line Repackaging Line in the Cal-Hypo building exceeds Seventy Five Thousand Dollars $75,000." (Dkt. No. 7 at 21). PPG denied McGovern's request for admission, and responded that "[PPG] does not believe that [McGovern] sustained injuries exceeding $75,000, but [PPG] does have a good faith belief that a jury could award [McGovern] at least $75,000 based on the information contained in the Complaint." Id. According to McGovern, PPG's denial of the request for admission precludes it from claiming that the amount in controversy exceeds the jurisdictional threshold.

In support of this argument, McGovern relies exclusively on Lewis v. Abbott Labs., 189 F. Supp. 2d 590 (S.D. Miss. 2001), in which the plaintiff filed a claim in state court without alleging a particular amount of damages. Id. at 591. The defendant served

requests for admission on the plaintiff, including an admission
that the damages sought did not exceed $75,000.  <u>Id.</u> at 591-92.
When the plaintiff did not respond within the permissible time
period, the defendant removed the case to the United States
District Court for the Southern District of Mississippi, invoking
the court's diversity jurisdiction.  <u>Id.</u> at 592.  The plaintiff
moved to remand the case, arguing that, under state discovery
rules, her failure to respond to the defendant's request operated
as a <u>per se</u> admission that the damages sought did not exceed
$75,000.  <u>Id.</u>  The district court agreed and remanded the case.
<u>Id.</u> at 593-94.

McGovern's comparison of <u>Lewis</u> to the instant case carries
little weight. Here, McGovern, as the plaintiff, requested an
admission from PPG, the defendant, that he had sustained damages in
excess of $75,000.  PPG timely responded to the request.  Thus,
this Court does not confront the situation presented in <u>Lewis</u>,
where a party's failure to respond operates as an admission, and
what effect that admission has on the Court's subject matter
jurisdiction.  Rather, the issue here is whether a defendant's
refusal to admit that the plaintiff in fact sustained damages in

excess of $75,000 estops it from invoking the Court's diversity jurisdiction.

The reality of diversity-based removal is that nearly every defendant implicitly or explicitly denies that the plaintiff suffered damages in excess of $75,000, while simultaneously alleging that a jury could award damages exceeding that amount. This Court's adoption of McGovern's argument would require every defendant invoking diversity jurisdiction on removal to concede that the plaintiff actually suffered at least $75,000 in damages. The Court has no authority to apply such a rule and therefore rejects McGovern's argument.[3]

Finally, McGovern suggests that PPG has sole possession of his medical bills and information on lost wages, and that its failure to attach that documentation to its notice of removal demonstrates that McGovern cannot recover in excess of $75,000. PPG disputes that it possesses all of McGovern's medical bills and other

---

[3] It is worth noting that McGovern is largely responsible for allowing PPG the opportunity to remove his complaint. The United States Supreme Court permits plaintiffs to block removal by "suing for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938). Many other courts enforce a plaintiff's binding, pre-removal stipulation that he will not seek or accept an award greater than $75,000. See, e.g., McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 486 (S.D.W. Va. 2001). McGovern took none of these precautions.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

---

documentation. Regardless, the law does not require a defendant to produce documentation supporting amount in controversy allegations. As previously discussed, the standard of proof required for a defendant on removal is the same standard applied to a plaintiff's jurisdictional allegations in an initial complaint. See Ellenburg, 519 F.3d at 200.

> Therefore, just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," see Fed. R. Civ. P. 84; Fed. R. Civ. P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish jurisdictional grounds of removal by making jurisdictional allegations in the same manner.

Id. This Court therefore has no basis on which to require PPG to submit documentation in support of its assertion of diversity jurisdiction.

### III. MOTION TO DISMISS

Having found no basis upon which to grant McGovern's motion to remand, the Court turns next to PPG's motion to dismiss the complaint on the basis that McGovern failed to allege sufficient facts to support his deliberate intent claim.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

## A. Standard of Review

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

662, 678 (2009).  This requires "more than a sheer possibility that

a defendant has acted unlawfully."  Id.

**B. The Deliberate Intention Statute**

The West Virginia Workers' Compensation Act generally provides

broad immunity to qualifying employers against employees' tort

actions.  See § 23-2-6.  However, the "deliberate intention"

statute carves out an exception to that immunity and allows an

employee to recover damages from an employer in a deliberate intent

case by proving the following five elements:

(A) That a specific unsafe working condition existed in
the workplace which presented a high degree of risk and
a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual
knowledge of the existence of the specific unsafe working
condition and of the high degree of risk and the strong
probability of serious injury or death presented by the
specific unsafe working condition;

(C) That the specific unsafe working condition was a
violation of a state or federal safety statute, rule or
regulation, whether cited or not, or of a commonly
accepted and well-known safety standard within the
industry or business of the employer, as demonstrated by
competent evidence of written standards or guidelines
which reflect a consensus safety standard in the industry
or business, which statute, rule, regulation or standard
was specifically applicable to the particular work and
working condition involved, as contrasted with a statute,
rule, regulation or standard generally requiring safe
workplaces, equipment or working conditions;

12

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

_____

> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

§ 23-4-2(d)(2)(ii)(A)-(E); see also Syl. Pt. 2, Helmick v. Potomac Edison Co., 406 S.E.2d 700, 702 (W. Va. 1991) ("To establish 'deliberate intention' in an action under [W. Va. Code § 23-4-2(d)(2)(ii)], a plaintiff or cross-claimant must offer evidence to prove each of the five specific statutory requirements.").

Here, McGovern has failed to plead several elements of a deliberate intent cause of action. He alleges that PPG failed to provide a safe work environment, failed to train him properly, failed to conduct a job safety analysis, and failed to implement proper protocols and procedures. Although these allegations might suffice as to the unsafe working condition, the complaint does not plausibly allege that the unsafe condition posed any degree of risk or probable injury, both of which are required under element (A). Moreover, the Court cannot infer any significant risk or

probability of injury.  McGovern's job requires him to affix lids to buckets, which is not an inherently dangerous task.  The allegation of some failure by a defendant, even when combined with the recitation of element (A), does not automatically result in any risk or probability of injury.  These additional parts of the statute must find some factual support in the complaint, which, here, they do not.

Element (B) builds on the preceding element by requiring the employer's actual knowledge of the unsafe condition, the high degree of risk, and the strong probability of serious injury. McGovern's failure to allege sufficiently any degree of risk or any probability of serious injury precludes the possibility of PPG's actual knowledge.  In <u>Miller v. BAS Technical Employment</u>, the plaintiff alleged that her late husband's employer had failed to provide site-specific training and failed to comply with applicable OSHA regulations. Nevertheless, the district court determined that "there is no possibility she could establish a deliberate-intention claim" because, under element (B), "she has failed conclusively to make any showing of . . . a subjective realization and an appreciation of the existence of . . . <u>the high degree of risk and</u>

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

---

<u>the strong probability of serious injury</u>." 153 F. Supp. 2d 835, 838 (S.D.W. Va. 2001) (emphasis added).

Finally, the allegations in McGovern's complaint provide no factual support for a claim of serious compensable injury or proximate cause, as required by element (E). McGovern asserts that "[o]n or about December 23, 2011 [he] was working on the '3rd line repackaging line' in the 'Cal-Hypo' building when as a result of the unsafe procedure for operating the repackaging line [he] became injured on his right side." (Dkt. No. 1-1 at 10). He offers no further details of his "right side injury" or the cause of the purported injury. Without any factual support, these allegations do not rise to the level of plausibility required under the federal pleading standards. The Court can do no more than speculate that PPG's purported failures created an unsafe working condition that somehow proximately caused an injury to McGovern's right side.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** McGovern's motion to remand, **GRANTS** PPG's motion to dismiss, and **DISMISSES** this case **WITHOUT PREJUDICE.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS
AND DISMISSING THE CASE WITHOUT PREJUDICE**

---

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this order

to counsel or record.

DATED: April 11, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
